IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**MORRIS LEE RANDALL, JR.,**

    **Petitioner,**

v.                                                                          Civil Action No. 3:25cv593

**CHADWICK DOTSON,**

    **Respondent.**

## MEMORANDUM OPINION

Morris Lee Randall, Jr., a Virginia inmate, brings this this petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions in the Circuit Court for the County of King William. ("2025 § 2254 Petition," ECF No. 1.) The Court has previously denied a § 2254 petition attacking these convictions as barred by the relevant statute of limitations. *Randall v. Clarke*, No. 3:14CV562, 2015 WL 4705506, at *1 (E.D. Va. Aug. 6, 2015). Accordingly, by Memorandum Opinion and Order entered on August 25, 2025, the Court dismissed Randall's 2025 § 2254 Petition as a successive, unauthorized 28 U.S.C. § 2254 petition. (ECF Nos. 6, 7.) On September 12, 2025, Randall submitted a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). ("Rule 59(e) Motion," ECF No. 11.)

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d

1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Randall apparently relies upon the third ground. Randall, however, fails to demonstrate that the Court committed a clear error of law or vacation of the judgment is necessary to a prevent a manifest injustice. The fact that Randall allegedly has gathered new evidence of his innocence, (*see* ECF No. 11, at 2–3), does not permit him to file a successive 28 U.S.C. § 2254 petition without first obtaining permission from the United States Court of Appeals for the Fourth Circuit. Randall's Rule 59(e) Motion (ECF No. 11) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Randall fails to satisfy this standard, a certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 10/16/2025  
Richmond, Virginia

/s/  
M. Hannah Lauck  
United States District Judge